**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| PEGGY DODSON | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | PHILADELPHIA COUNTY |
| | : | |
| v. | : | APRIL TERM, 2022 |
| | : | No: 00234 |
| WAL-MART STORES, INC., and | : | |
| WAL-MART STORES, EAST, INC., and | : | |
| WAL-MART SUPERCENTER #5795 | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |

---

## <u>DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

Defendants, Walmart Stores East, Inc. d/b/a Walmart Stores Inc. d/b/a Walmart Stores East, LP, Walmart Supercenter #5795 (all more properly identified as Walmart Stores East, LP and hereinafter collectively referred to as "Walmart"), by and through their counsel, Law Offices of McDonnell & Associates, PC, hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) remove this action from the Court of Common Pleas of Philadelphia County, April Term, 2022, No. 00234, where it is now pending, to the United States District Court for the Eastern District of Pennsylvania.  In support thereof, Defendants aver as follows:

1.      Plaintiff, Peggy Dodson, initiated this personal injury action by filing a Complaint in the Court of Common Pleas of Philadelphia County on or about May 6, 2022.  *See* a true and correct copy of Complaint hereto as Exhibit "A."

2.      Specifically, Plaintiff alleges that on or about April 9, 2020, she was a business invitee in a Walmart retail store premises located at 800 Common Drive, Oxford, Pennsylvania, when she suffered injury by reason of tripping due to an "unsafe and hazardous

condition…more specifically, the negligent application of excessive caution tape that was carelessly affixed to several exterior entrance balusters and turn over shopping carts, in close proximity to the Home & Pharmacy Department doors at [the subject store]." *See* Exhibit "A;" ¶ 10.

3.       According to the Complaint, Plaintiff, was caused to "trip, stumble and forcibly fall awkwardly face forward on extraneous caution tape […]" and "as a result caused the Plaintiff to fall and sustain serious and permanent injuries, damages, and losses." *See* Exhibit "A;" ¶ 19.

4.       As a result of her alleged fall, Plaintiff alleges she sustained the following serious and permanent internal/external injuries, including but not limited to:

"Left wrist sprain and strain, left wrist osteoarthritis, dislocation of the left hand's first meta carpal from the trapezium, left wrist pantrapezial generative joint disease, erosion in the second metacarpal base in the left thumb, left elbow contusion, left hand contusion, right distal radioulnar sprain, right triangular fibrocartilage tear with subluxation of right distal radicular ulnar join, De Quervain's tenosynovitis in her right wrist, right wrist pain, right shoulder and upper arm contusion, right knee contusion, right knee pain, grade IV chondromalacia involving the right medial patellar facet, left knee contusion, left knee joint pain, chronic bilateral knee pain, advanced patellofemoral chondromalacia and mild edema in the left knee, right hip pain, left sided chest pain, and left sided chest wall pain."

*See* Exhibit "A;" ¶ 32(a).

5.       Against this factual backdrop, Plaintiff Peggy Dodson alleges that Defendants "negligently and carelessly" caused Plaintiff's fall and resulting bodily injuries. *See* Exhibit "A" ¶19.

6.       Plaintiff seeks damages in excess of $50,000, the most that can properly be alleged under Pennsylvania's Rules of Civil Procedure—indicating a major jury case, not a matter eligible for arbitration. *See* Exhibit "A" *ad damnum clause.*

7.     Plaintiff's Complaint was served on Defendants via Process Server on April 19, 2022. *See* Affidavit of Service attached as Exhibit "B."

8.     The elements for federal jurisdiction—diversity of citizenship and amount in controversy—are sufficiently ascertained from the Complaint; therefore, removal is proper under 28 U.S.C. § 1446(b)(1); *See also, Hiester v. Wal-Mart Stores East, LP*, 2:18-cv-04863-GAM (E.D. Pa. 2018) attached as Exhibit "C."

9.     The Court of Common Pleas for Philadelphia County is within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

10.     Plaintiff alleges that she is a resident of the Commonwealth of Pennsylvania, specifically residing at 143 Jubilee Road, Peach Bottom, Pennsylvania.  *See* Exhibit "A;" ¶1.

11.     Defendant Walmart Supercenter #5795 is not a recognized legal entity.

12.     Defendant Wal-Mart Stores East, LLC., formerly known as Wal-Mart Stores East, Inc., is an Arkansas limited liability company with its principal place of business in Bentonville, Arkansas.

13.     Defendant Wal-Mart Stores, Inc., now known as Walmart Inc., is a Delaware corporation with its principal place of business in Bentonville, Arkansas.

14.     Wal-Mart Stores East, LP is a Delaware limited partnership with its principal place of business in Bentonville, Arkansas.

15.     Wal-Mart Stores East, LP is owned solely (100%) by Wal-Mart Stores, Inc., now known as Walmart Inc., a Delaware corporation with its principal place of business in Arkansas, through various wholly owned operating entities as follows:  Walmart Inc. (WMT) is the sole (100%) owner of Wal-Mart Stores East, LLC (WMSE), which is an Arkansas corporation with its principal place of business in Arkansas.  Wal-Mart Stores East, LLC, is the

sole (100%) owner of WSE Management, LLC, and WSE Investment, LLC, which are both Delaware limited liability companies whose principal places of business are in Arkansas. WSE Investment, LLC, is the 99% owner and limited partner of Wal-Mart Stores East, LP. WSE Management, LLC, is the 1% owner and general partner of Wal-Mart Stores East, LP. Accordingly, Wal-Mart Stores East, LP, is owned by two Delaware limited companies whose sole owner and shareholder is an Arkansas corporation (WMSE), which in turn is wholly owned by a Delaware corporation (WMT). For the purposes of diversity of citizenship, Wal-Mart Stores East, LP is a citizen of the States of Arkansas and Delaware.

16.     None of Wal-Mart Stores East, LP's limited or general partners are citizens of the Commonwealth of Pennsylvania, so the requirements of diversity jurisdiction are satisfied.

17.     As set forth above, collectively, all Defendants are citizens of the States of Delaware and Arkansas.

18.     None of the Defendants are citizens of the Commonwealth of Pennsylvania.

19.     Accordingly, Plaintiff is diverse from the named Defendants and the requirements of diversity jurisdiction are satisfied.

20.     Regarding the amount in controversy, taking the damages alleged in the Complaint in their entirety and the fact that Plaintiff certified that the case was not eligible for arbitration, this Court can conclude that the amount in controversy exceeds the jurisdictional limits under 28 U.S.C. §1332.

21.     Plaintiff's Complaint alleges that Plaintiff was caused to sustain serious and permanent personal injuries including, but not limited to, a sprained wrist and thumb pain

requiring arthroplasty[1] and multiple steroid injections for pain. *See* Exhibit "A" ¶ 32(a).

22.     Plaintiff Peggy Dodson alleges that she was forced to obtain medical attention
and care for her injuries and incur various medical expenses which are ongoing and continuing.
*See* Exhibit "A" ¶ 33.

23.     Moreover, Plaintiff Peggy Dodson further alleges that as a result of this
incident, she has or may hereafter suffer an impairment of earning power and capacity, future
embarrassment and humiliation, and emotional distress, *et. al. Id.* at ¶ 32(a-p).

24.     In *Hiester*, *supra* the Honorable Gerald Austin McHugh of the United States
Court for the Eastern District of Pennsylvania was faced with a similar situation in which
Plaintiff alleged significant severe and permanent injuries. In remanding the case to state court,
Judge McHugh held that where the difference between the state arbitration limit and the
jurisdictional amount for removal was only $25,000, it was significant that the Plaintiffs had
certified the case as one that should not go to arbitration. This was particularly true where the
plaintiffs had alleged severe and permanent injuries disfigurement, ongoing medical treatment,
the possibility of permanent injury, and continued severe disruption of plaintiff's ability to
function for an indefinite period. *See Hiester, supra (*holding that based on Plaintiff's claimed
severe and permanent damages coupled with a certification that the case was should not go to
arbitration, Defendants were on notice that the amount in controversy exceeded jurisdictional
limits upon service of the Complaint).  *See also,  Russo v. Wal-Mart Stores E., L.P.*, 2017 WL
1832341, at *2-3 (M.D. Pa. May 8, 2017) (remanding where complaint alleged that plaintiff had
suffered "severe and painful injuries . . . will continue to suffer great pain and agony [in the

---

[1] Arthroplasty is a surgical procedure to restore the function of a joint. A joint can be restored by resurfacing the bones. An artificial joint (called a prosthesis) may also be used. Johns Hopkins Medicine. www.hopkinsmedicine.org/health/treatment-tests-and-therapies/arthroplasty.Accessed 12 May 2022.

future] . . . and will continue to spend various sums of money for medical care and attention" in the future); *Peters v. Stop & Shop*, 2013 WL 5781199, at *1 (D.N.J. Oct. 25, 2013) (remanding where complaint alleged "severe, permanent disabling injuries, serious disfigurement . . . great pain and suffering" and ongoing "extensive medical treatment.").

25.     Here, the language contained in Plaintiff's Complaint, like the plaintiffs in *Hiester,* is sufficiently clear to establish that the amount in controversy exceeds the jurisdictional minimum.

26.     This Notice of Removal is filed within thirty (30) days of service of Plaintiff's Complaint on May 6, 2022. *See,* Exhibit "B."

27.     Removal from the Philadelphia County Court of Common Pleas is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Courts of the United States has original jurisdiction and if none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought.

28.     This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 as the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set forth herein.

29.     Additionally, prior to the commencement of litigation Plaintiff made a $150,000 settlement demand. Upon receipt of the Complaint, Walmart's counsel contacted Plaintiff's counsel regarding the pre-suit settlement relative to the amount in controversy.  Plaintiff's counsel confirmed that the settlement demand remained $150,000. *See*, Correspondence dated 5/12/22 attached as Exhibit "D".

30.     Defendants have a good faith belief, and therefore submit that the matter in

controversy exceeds the value of $75,000, exclusive of interest and costs.

31.     Based on the foregoing, including Plaintiff's allegations of an arthroplasty to the wrist, and other detailed, severe, permanent injuries and Plaintiff's certification that this matter should not go to arbitration, the preponderance of the evidence establishes that the requirements of 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) have been satisfied and the within matter is properly removable.

32.     This Notice of Removal is timely as it is being filed within thirty days of service of the Complaint, in which the alleged damages are made.

**WHEREFORE**, Defendants, Walmart, Walmart Stores East, Inc. d/b/a Walmart Stores Inc. d/b/a Walmart Stores East, LP, respectfully request that the State Action be removed from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

MCDONNELL & ASSOCIATES, PC

Date: May 18, 2022

*/s/ Sonam J. Vachhani*

Patrick J. McDonnell, Esquire
Attorney I.D. No. 62310
Sonam J. Vachhani, Esquire
Attorney I.D. No. 323642
svachhani@mcda-law.com
Metropolitan Business Center
860 1st Avenue, Suite 5B
King of Prussia, PA  19406
(T) 610.337.2087 (F) 610.337.2575
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PEGGY DODSON | : | COURT OF COMMON PLEAS |
|       Plaintiff, | : | PHILADELPHIA COUNTY |
| | : | |
|     v. | : | APRIL TERM, 2022 |
| | : | No: 00234 |
| WAL-MART STORES, INC., and | : | |
| WAL-MART STORES, EAST, INC., and | : | |
| WAL-MART SUPERCENTER #5795 | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |

## DEFENDANTS' CERTIFICATE OF SERVICE

I, Sonam J. Vachhani, Esquire hereby certify that on May 18, 2022 a true and correct copy Defendants' Notice of Removal was served via email upon the following:

**Lee A. Ciccarelli, P.C.**
Lee A. Ciccarelli, Esquire
Emily Pittenger, Esquire
304 North High Street
West Chester, PA 19380
lee@ciccarelli.com
*Attorney for Plaintiff*

**MCDONNELL & ASSOCIATES, P.C.**

Dated:   May 18, 2022       By:    */s/ Sonam J. Vachhani*
                                           Sonam J. Vachhani, Esquire
                                           Attorney I.D. No. 323642
                                           *Attorney for Wal-Mart Defendants*