# EXHIBIT A

EXHIBIT A

LEE A. CICCARELLI, P.C.
Lee A. Ciccarelli, Esquire
Attorney ID No.: 56115
Emily Grace Pittenger, Esquire
Attorney ID No.: 328286
304 North High Street
West Chester, PA 19380
(610) 692-8700
Email: lee@ciccarelli.com
Email: e.pittenger@ciccarelli.com

ASSESSMENT OF DAMAGES HEARING
REQUIRED

ATTORNEYS FOR PLAINTIFF

Filed and Attested by the
Office of Judicial Records
06 MAY 2022 12:24 pm
E. HAURIN

| | |
|---|---|
| PEGGY DODSON<br>*Plaintiff* | : COURT OF COMMON PLEAS<br>: PHILADELPHIA COUNTY, PA<br>: CIVIL ACTION |
| vs. | APRIL TERM, 2022 |
| WAL-MART STORES, INC. and<br>WAL-MART STORES, EAST, INC. and<br>WAL-MART SUPERCENTER #5795<br>*Defendants* | NO. 00234 |

## NOTICE

**You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must** take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

Case ID: 220400234

| | |
|---|---|
| LEE A. CICCARELLI, P.C.<br>Lee A. Ciccarelli, Esquire<br>Attorney ID No.: 56115<br>Emily Grace Pittenger, Esquire<br>Attorney ID No.: 328286<br>304 North High Street<br>West Chester, PA 19380<br>(610) 692-8700<br>Email: lee@ciccarelli.com<br>Email: e.pittenger@ciccarelli.com | MAJOR JURY TRIAL<br><br>ASSESSMENT OF DAMAGES HEARING<br>REQUIRED<br><br><br><br>ATTORNEYS FOR PLAINTIFF |
| PEGGY DODSON<br>    *Plaintiff*<br><br>vs.<br><br>WAL-MART STORES, INC. and<br>WAL-MART STORES, EAST, INC. and<br>WAL-MART SUPERCENTER #5795<br>    *Defendants* | : COURT OF COMMON PLEAS<br>: PHILADELPHIA COUNTY, PA<br>: CIVIL ACTION<br>:<br>:<br>: APRIL TERM, 2022<br>:<br>: NO. 00234 |

## COMPLAINT

Plaintiff, Peggy Dodson, by and through her attorney, Lee A. Ciccarelli P.C., hereby demands judgment, jointly and/or severally, against Defendants, Wal-Mart, Inc., Wal-Mart Stores, East, Inc., and/or Wal-Mart Supercenter #5795, in an amount in excess of Fifty Thousand Dollars, plus interest, costs, and delay damages, based upon the following:

1.  Plaintiff, Peggy Dodson is an adult individual currently residing at 143 Jubilee Road, Peach Bottom, Pennsylvania, 17563.

2.  At all relevant times, Plaintiff was a business invitee upon the premises of the Defendants, jointly and/or severally, as below averred.

3.  On information and belief, Defendant Wal-Mart Stores, Inc., is a for-profit business entity conducting business in Pennsylvania and owner of the premises

located at 800 Commons Drive, Oxford, Pennsylvania, 19363.

4. On information and belief, Defendant, Wal-Mart Stores, East, Inc., is a for-profit entity conducting business in Pennsylvania and owner of the premises located at 800 Commons Drive, Oxford, Pennsylvania, 19363.

5. On information and belief, Defendant, Wal-Mart Supercenter #5795, is a for-profit Pennsylvania business entity at all relevant times conducting business and with a business location at 800 Commons Drive, Oxford, Pennsylvania, 19363 as a retail hypermarket at all relevant times open to the public.

6. For purposes of the within pleading, all Co-Defendants are or may be jointly designated as "Wal-Mart".

7. On information and belief, at all relevant times, the Wal-Mart Co-Defendants acted by and through their agents, servants, and/or employees who at all relevant times were acting within the course and scope of their employment.

8. At all relevant times, the Wal-Mart Defendants, jointly and/or severally, were responsible for the safe management of the exterior - including all areas immediately adjacent to all storefront entrances and exits and extending outward to and including, minimally, the edge of any customer sidewalk areas including balusters - of the Wal-Mart hypermarket at 800 Commons Drive, Oxford PA 19363, which duty of care included conducting reasonable inspections for defective conditions, discovery of same and implementation of remedial repair and/or provision of warnings in the event of such discovery so that said locations were safe for ingress, egress, and circumnavigation by invitee customers accessing their hypermarket at the said entry/exits locations and that risks or increased risks of fall events were not presented or if so, warned against.

9. All relevant facts and occurrences took place on or about April 9, 2020, outside the Wal-Mart Supercenter #5795 located at 800 Common Drive, Oxford,

Pennsylvania, 19363 in proximity to its Home & Pharmacy Department ingress/egress doors.

10. At all times relevant and material times, and as result of the joint and/or several negligence of the Wal-Mart Defendants based on the negligent and careless conduct of their employees acting withing the course and scope of their employment, there was an unsafe and hazardous condition at the above averred location rendering it a defective condition due to the negligently rigged blockade whose purpose was to prevent customer entry at that location, including but not limited to the negligent application of excessive caution tape that was carelessly affixed to several exterior entrance balusters and turned over shopping carts, in close proximity to the Home & Pharmacy Department doors at Wal-Mart Supercenter #5795 which presented a risk or increased risk of a fall hazard, depicted as follows:



Case ID: 220400234

11. At all relevant and material times, Defendants, jointly and/or severally, owned, controlled, constructed, maintained, and/or were responsible and owed the highest duty of care to invitees, including the Plaintiff herein, pedestrians and other business visitors to inspect, discover defects, repair, warn and/or otherwise maintain the condition of the Pharmacy entrance location in a safe condition, free of trip hazards and risks and/or increased risks of harm events there.

12. At all relevant times, Defendants, jointly and/or severally, had actual or constructive notice of the defective condition of the exterior of the Home & Pharmacy Entrance to their averred hypermarket as described and depicted above, that is, they knew or in the exercise of ordinary care should have had such notice or knowledge, and had sufficient time in which to have warned and/or taken appropriate and necessary remedial action, to render safe to customers the Home & Pharmacy Department barricade that as configured by its employees, agents, servants, and/or workmen on April 9, 2020 constituted a safety hazard that presented a risk and/or increased risk of physical harm and a trip and fall event.

13. Notwithstanding this notice or knowledge, the Defendants, jointly and/or severally, negligently failed and neglected to adequately inspect, discover, construct, maintain, control, repair and/or to correct or to take adequate, or any, protective measures to prevent injury to invitees, the public and/or foot travelers and/or pedestrians at the location of the dangerous, unsafe and hazardous condition of the tree box at the above averred location, including but not limited to posting warnings.

14. On April 9, 2020, between 12:00p.m. and 4: 00p.m, Plaintiff was a business invitee pedestrian at the above averred location intending to enter Defendant Wal-Mart Supercenter #5795's premises at the Home & Pharmacy Department ingress/egress doors.

Case ID: 220400234

15. At all times material hereto, Defendants, jointly and/or severally, by and through their agents, servants or employees owned, operated, leased, managed, controlled, possessed, or had under their care, responsibility, or supervision the property at 800 Common Drive, Oxford, Pennsylvania, 19363.

16. In the alternative, Defendant, Wal-Mart Stores, Inc., is secondarily liable for the property at 800 Common Drive, Oxford, Pennsylvania, 19363.

17. In the alternative, Defendant, Wal-Mart Stores East, Inc. is secondarily liable for the property at 800 Common Drive, Oxford, Pennsylvania, 19363.

18. Defendants are solely liable, and/or jointly and/or severally liable for the injuries and/or damages suffered by Plaintiff.

19. On April 9, 2020, between 12:00 p.m. and 4:00 p.m., Plaintiff was caused to trip, stumble, and forcibly fall awkwardly and face forward on extraneous caution tape that had been negligently affixed to what appears on information and belief to be a homemade barricade set up by Defendants, jointly and/or severally, outside the Pharmacy entrance that included the use of the exterior sidewalk balusters and repurposed shopping carts that were placed upright at or near the Pharmacy entrance at the Walmart Supercenter at #5795, at 800 Common Drive, Oxford, Pennsylvania, 19363, such that the assembled apparent barricade and all its components, including critically the excessive yellow caution tape constituted a dangerous, unsafe and defective condition that posed a risk or increased risk of a trip and fall event to customers and in fact caused the Plaintiff to fall and sustain serious and permanent injuries damages and losses as set forth herein below.

20. At all times relevant hereto, Defendants, jointly and/or severally, had a duty to repair, maintain, correct, inspect, warn and were otherwise responsible for the safe condition of the barricade at 800 Common Drive, Oxford, Pennsylvania, 19363, including as to the caution tape limited to a safe length to accomplish its intended purpose and not be

excessive in length or other dimension or metric.

21. At all times relevant hereto, Defendants, jointly and/or severally, had a duty to maintain the sidewalk and curb area outside the hypermarket and specifically the above averred caution tape and other components of the apparent barricade at 800 Common Drive, Oxford, Pennsylvania, 19363 so that it was safe, defect and hazard free, and did not present a risk or increased risk of a trip and fall event for pedestrians.

22. At all times relevant hereto, Defendants, jointly and/or severally, had a duty to maintain the sidewalk and curb area at 800 Common Drive, Oxford, Pennsylvania, 19363 at the above averred location so that it was safe for use by pedestrians and/or business visitors, including the Plaintiff.

23. At all times material hereto, Defendants, jointly and/or severally, knew of or should have known that as of April 9, 2020, the caution tape and barricade as configured, at the above averred location, presented a risk or increased risk of a fall event.

24. At all times material hereto, the caution tape at 800 Common Drive, Oxford, Pennsylvania, 19363 constituted an unsafe, dangerous, and defective condition of the curb.

25. Defendants' joint and/or several negligence and carelessness were the proximate, actual, factual, and legal cause of Plaintiff's injuries and/or damages.

26. At all times material hereto, Plaintiff acted in a reasonable and prudent manner.

27. At all times material hereto, Plaintiff was not negligent.

## COUNT I – NEGLIGENCE
### PLAINTIFF vs. DEFENDANTS, WAL-MART STORES, INC., WAL-MART STORES EAST, INC. AND WAL-MART SUPERCENTER STORE #5795

28. Plaintiff incorporates herein by reference paragraphs 1 through 27 as though same were set forth at length.

29. The joint and/or several negligence and carelessness of said Defendants,

Wal-Mart Stores, Inc., Wal-Mart Stores East, Inc., and Wal-Mart Supercenter Store #5795, by and through their servants, workmen, employees and/or representatives, in the care, custody or control of the aforementioned premises consisted of the following:

    a. Failing to inspect the curb and caution tape at 800 Common Drive, Oxford, Pennsylvania, 19363;

    b. Permitting the existence of a dangerous and defective condition, the curb and caution tape at 800 Common Drive, Oxford, Pennsylvania, 19363;

    c. Failing to warn the Plaintiff and the public at large of the dangerous and defective condition, the curb and caution tape, located as above averred, at 800 Common Drive, Oxford, Pennsylvania, 19363;

    d. Failing to correct said dangerous and defective condition, the caution tape negligently affixed to the balusters and shopping carts that presented a risk or increased risk of a trip and fall event located as averred at 800 Common Drive, Oxford, Pennsylvania, 19363;

    e. Failing to properly supervise and instruct employees in the care and maintenance of the curb at 800 Common Drive, Oxford, Pennsylvania, 19363;

    f. Failing to exercise due care with regard to the rights and safety of the Plaintiff under the circumstances, by failing to either warn or remove the dangerous and defective condition, by allowing the condition to exist after receiving either actual or constructive knowledge of it;

    g. Allowing a defective condition to exist which Defendant knew or should have known created a dangerous condition and hazard to pedestrians and/or business visitors;

h. Failure to properly and adequately maintain the caution tape affixed to the balusters and shopping carts where Plaintiff was caused to trip and fall;

i. Failure to warn pedestrians and business visitors of the proximity anddangerous, hazardous and unsafe conditions of the curb at the averred location;

j. Failure to take reasonable precautions against the dangerous, hazardous and unsafe conditions on said curb;

k. Failure to provide barricades in the area of the defective and/or dangerous condition to prevent pedestrians and business visitors from traversing in the aforesaid area and/or reduce the likelihood of harm tosuch persons resulting from the defective or dangerous condition of the curb;

l. Failure to properly and adequately hire and/or instruct the agents, servants, workmen, employees and/or representatives, of defendant herein, as to safe and proper procedure for inspecting, maintaining, correcting and repairing a dangerous and defective condition on the sidewalk, including the defective and/or dangerous conditions of the caution tape affixed to the balusters and shopping carts which caused Plaintiff's fall and injuries;

m. Failure to provide safe conditions for pedestrians and the general public on the premises;

n. Failure to act with due care and regard for the position and safety of others, in particular, Plaintiff;

o. Failure to provide and maintain proper safety precautions at said

    sidewalk;

  p. Failure to provide and maintain proper safety precautions at said sidewalk;

  q. Failure to respond in a timely manner to an unsafe and/or dangerouscondition situated at or near the curb at the averred location.

**COUNT II – NEGLIGENCE**
**PLAINTIFF vs. DEFENDANTS, WAL-MART STORES, INC., WAL-MART STORES EAST, INC, AND WAL-MART SUPERCENTER STORE #5795**

  30. Plaintiff incorporates herein by reference paragraphs 1 through 29 as though same were set forth at length.

  31. The joint and/or several negligence and carelessness of said Defendants,Wal-Mart Stores, Inc., Wal-Mart Stores East, Inc., and Wal-Mart Supercenter Store #5795, by and through their agents, servants, and/or employees who at all relevant times were acting within the course and scope of their employment, consisted of the following:

  a. negligently hiring an employee or employees Defendants knew and/or reasonably should have known were unfit in maintaining a safe customer entry and implementing sidewalk and curb safety protocol for pedestrians and other business visitors for the protection of Plaintiff;

  b. negligently training an employee or employees in maintaining a safe customer entry and implementing sidewalk and curb safety protocol for pedestrians and other business visitors required for the protection of Plaintiff;

  c. negligently supervising an employee or employees in maintaining a safe customer entry and implementing sidewalk and curb safety protocol for pedestrians and business visitor safety procedures for the protection of Plaintiff;

d. negligently failing to supervise an employee or employees to inspect, discover, repair, warn, and/or otherwise maintain the blockade and caution tape to prevent Plaintiff's trip and fall event on April 9, 2020;

e. negligently failing to provide an employee or employees with alternative or corrective measures to maintain, control, repair, and/or correct the blockade and caution tape to prevent Plaintiff's trip and fall event on April 9, 2020;

f. Failure to follow applicable industry standards for a safe customer entry and implementing sidewalk and curb safety protocol for pedestrians and/or business visitors;

g. Failure to have in place employer and employee policies and procedures for a safe customer entry and implementing sidewalk and curb safety protocol, including as to properly affixed blockades and caution tape;

h. Holding itself out to customers, specifically Plaintiff, as providing a one-stop shopping experience but failing to follow standard or use industry available safe customer entry and sidewalk and curb safety for the safety of pedestrians and business visitors, including as to inspect, discover, repair, warn, and/or otherwise maintain the blockade and excessive caution tape;

i. Failure, given the promise to provide a one-stop shopping experience, to appreciate foreseeable risks or increased risks of harm to customers, specifically Plaintiff, in the context of a safe customer entry and sidewalk and curb safety, and take reasonable, inexpensive measures to reduce and/or eliminate said risks of harm, as above averred;

32. As a result of the joint and/or several negligence of the Defendants as set forth in Counts I and Count II herein, Plaintiff has suffered:

    a. Serious injuries, dysfunctions, impairments, serious and permanent impairments of body or bodily functions, including but not limited to left wrist sprain and strain, left wrist osteoarthritis, dislocation of the left hand's first metacarpal from the trapezium, left wrist pantrapezial generative joint disease, erosion in the second metacarpal base in the left thumb, left elbow contusion, left hand contusion, right distal radioulnar sprain, right triangular fibrocartilage tear with subluxation of right distal radicular ulnar joint, De Quervain's tenosynovitis in her right wrist, right wrist pain, right shoulder and upper arm contusion, right knee contusion, right knee pain, grade IV chondromalacia involving the right medial patellar facet, left knee contusion, left knee joint pain, chronic bilateral knee pain, advanced patellofemoral chondromalacia and mild edema in the left knee, right hip pain, left-sided chest pain, and left-sided chest wall pain.

    b. Past Medical Expenses;

    c. Future Medical Expenses;

    d. Past Lost Earnings and Lost Earnings Capacity;

    e. Future Loss of Earnings and Lost Earning Capacity;

    f. Past Pain and Suffering;

    g. Future Pain and Suffering;

    h. Past Embarrassment and Humiliation;

    i. Future Embarrassment and Humiliation;

  j. Past Loss of Ability to Enjoy the Pleasures of Life;

  k. Future Loss of Ability to Enjoy the Pleasures of Life;

  l. Scarring/Disfigurement;

  m. Emotional Distress;

  n. Property Damage;

  o. Incidental Costs;

  p. Plaintiff's medical bills exceed $1,183.35.

33. As a further result of the joint and/or several negligence of the Defendants as set forth in Counts I and II herein, Plaintiff has been obligated to receive and undergo medical attention and care for her injuries, and to incur various expenses for said care, and she may be obligated to continue to expend such sums and to incur such expenses for an indefinite period of time in the future, aclaim for which is herein made, including as to statutory or contractual medical subrogation liens.

34. As a further result of joint and/or several negligence of the Defendants as set forth in Counts I and II, Plaintiff has been obligated to receive and undergo reasonable and necessary medical treatment and rehabilitative services for the injuries she has suffered, and to incur various expenses for said treatment and services, and she may incur various reasonable and necessary future medical expenses from the injuries sustained.

35. As a further result of joint and/or several negligence of the Defendants as set forth in Counts I and II herein, Plaintiff sustained functional impairment of physical capabilities and has been unable to attend to her daily chores, duties, occupations and activities of daily living, and may be unable to do so for an indefinite time in the future.

36. As a further result of joint and/or several negligence of the Defendants as set forth in Counts I and II herein, Plaintiff has or may suffer loss of earnings and impairment of her earning capacity and power, and may continue to suffer such a loss for an indefinite time in the future.

37. As a further result of joint and/or several negligence of the Defendants as set forth in Counts I and II, Plaintiff has or may continue in the future to incur other financial expenses or losses to which she may be otherwise be entitled to recover.

38. As a further result of joint and/or several negligence of the Defendants as set forth in Counts I and II, Plaintiff has suffered severe physical pain, aches, mental anguish, and humiliation, inconveniences, and loss of enjoyment of life, scars and/or disfigurement, and she may continue to suffer the same for an indefinite time in the future.

**WHEREFORE**, Peggy Dodson, by and through her attorneys, Lee A. Ciccarelli P.C., hereby demands judgment jointly and/or severally, against Defendants, Wal-Mart, Inc., Wal-Mart Stores, East, Inc., and Wal-Mart Supercenter #5795, in an amount in excess of Fifty Thousand ($50,000), Dollars, plus interest, costs, and delay damages.

**LEE A. CICCARELLI, P.C.**

_____
LEE A. CICCARELLI, ESQ.
Emily G. Pittenger, Esquire
Attorney for Plaintiffs

Date: May 6, 2020

Case ID: 220400234

| | |
|---|---|
| **LEE A. CICCARELLI, P.C.** | MAJOR JURY TRIAL |
| Lee A. Ciccarelli, Esquire | |
| Attorney ID No.: 56115 | ASSESSMENT OF DAMAGES |
| HEARING | |
| Emily Grace Pittenger, Esquire | |
| REQUIRED | |
| Attorney ID No.: 328286 | |
| 304 North High Street | |
| West Chester, PA 19380 | |
| (610) 692-8700 | ATTORNEYS FOR PLAINTIFF |
| Email: lee@ciccarelli.com | |
| Email: e.pittenger@ciccarelli.com | |

| | | |
|---|---|---|
| PEGGY DODSON | : | COURT OF COMMON PLEAS |
| *Plaintiff* | : | PHILADELPHIA COUNTY, PA |
| | : | CIVIL ACTION |
| vs. | : | APRIL TERM, 2022 |
| WAL-MART STORES, INC. | : | NO. 00234 |
| WAL-MART STORES, EAST, INC. | : | |
| WAL-MART SUPERCENTER #5795 | : | |
| *Defendants* | : | |

## CERTIFICATE OF COMPLIANCE

I, Emily G. Pittenger, Counsel for Plaintiff in the above-captioned matter, hereby certify that a true and correct copy of Plaintiff's Complaint was served via the Philadelphia County electronic filing system to the addresses set forth below:

Sonam J. Vachhani, Esquire
McDonnell & Associates, P.C.
Metropolitan Business Center
860 1st Avenue, Suite 5B
King of Prussia, PA 19406
via Electronic Mail: svachhani@mcda-law.com

LEE A. CICCARELLI, P.C.

*/s/ Lee A. Ciccarelli*
LEE A. CICCARELLI, ESQ.
Emily G. Pittenger, Esquire
Attorney for Plaintiffs

Date: May 6, 2022

Case ID: 220400234

| | |
|---|---|
| **LEE A. CICCARELLI, P.C.**<br>Lee A. Ciccarelli, Esquire<br>Attorney ID No.: 56115<br>Emily Grace Pittenger, Esquire<br>REQUIRED<br>Attorney ID No.: 328286<br>304 North High Street<br>West Chester, PA 19380<br>(610) 692-8700<br>Email: lee@ciccarelli.com<br>Email: e.pittenger@ciccarelli.com | MAJOR JURY TRIAL<br><br>ASSESSMENT OF DAMAGES HEARING<br><br><br><br><br>ATTORNEYS FOR PLAINTIFF |

| | | |
|---|---|---|
| PEGGY DODSON<br>*Plaintiff* | : <br> : <br> : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA<br>CIVIL ACTION |
| vs. | : <br> : | APRIL TERM, 2022 |
| WAL-MART STORES, INC.<br>WAL-MART STORES, EAST, INC.<br>WAL-MART SUPERCENTER #5795<br>*Defendants* | : <br> : <br> : <br> : <br> : | NO. 00234 |

### **CERTIFICATE OF COMPLIANCE**

I, Emily G. Pittenger, Counsel for Plaintiff in the above-captioned matter, hereby certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

LEE A. CICCARELLI, P.C.

*/s/ Emily G. Pittenger*

LEE A. CICCARELLI, ESQ.
Emily G. Pittenger, Esquire
Attorney for Plaintiffs

Date: May 6, 2022

Case ID: 220400234

## VERIFICATION

I, Peggy Dodson, Plaintiff hereby depose and say that I am the Plaintiff in the within action and that the averments in the foregoing Complaint are true and correct to the best of my knowledge, information, recollection and belief, and that this verification is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

Date 5-6-22

*Peggy Dodson* (signature)
Peggy Dodson